## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **HOUSTON HOME DIALYSIS, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:17-cv-02095** |
| **BLUE CROSS and BLUE SHIELD OF TEXAS, A DIVISION of HEALTH CARE SERVICE CORPORATION, A MUTUAL RESERVE COMPANY, and HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND
## REQUEST FOR DECLARATORY JUDGMENT

Plaintiff Houston Home Dialysis, LP ("Houston Home Dialysis") files this First Amended Complaint and Request for Declaratory Judgment against Defendants Health Care Service Corporation, a Mutual Legal Reserve Company that operates in Texas as Blue Cross and Blue Shield of Texas ("Texas Blue Cross"), and Horizon Blue Cross Blue Shield of New Jersey ("Horizon Blue Cross"). Defendants Texas Blue Cross and Horizon Blue Cross are collectively referred to as Blue Cross.

## I.
## INTRODUCTION

1.     This is an action by a medical services provider against insurance companies for failure to properly reimburse it for services rendered to six individual insureds/patients.

2.     Houston Home Dialysis provided medical treatment—specifically staff-assisted home dialysis—to the six patients whose benefit claims are at issue in this lawsuit. Houston Home Dialysis then properly and timely submitted claims for reimbursement to Blue Cross for the

services it provided.  Blue Cross failed to properly reimburse Houston Home Dialysis pursuant to the terms of the Blue Cross benefit plans or insurance contracts (the "Plans") covering the six patients to whom Houston Home Dialysis provided services.  Blue Cross' failure to properly reimburse Houston Home Dialysis has spanned a period of over two years.

3.      Houston Home Dialysis brings this lawsuit seeking compensation for the services it has rendered and for which it is owed under the Blue Cross Plans.

## II.
## PARTIES

4.      Plaintiff Houston Home Dialysis is a Texas limited partnership with its principal place of business in Harris County, Texas, and with operations in the surrounding counties.  One of its members is a Texas corporation with its principal place of business in Texas, which makes Houston Home Dialysis a citizen of Texas for diversity purposes.  The second member of is a Japanese citizen who is a United States permanent resident domiciled in Texas, which makes Houston Home Dialysis also a citizen of Japan for diversity purposes.

5.      Defendant Texas Blue Cross is an Illinois corporation with its principal place of business of in Illinois.  Therefore, Texas Blue Cross is solely a citizen of Illinois for diversity purposes.  It has previously been served and has appeared in this lawsuit.

6.      Defendant Horizon Blue Cross is a New Jersey corporation with its principal place of business in New Jersey.  Therefore, Horizon Blue Cross is a citizen solely of New Jersey for diversity purposes.  Defendant Horizon Blue Cross engages in business in the State of Texas, but it does not maintain a regular place of business in the State of Texas and has no designated agent for service of process.  Therefore, pursuant to Texas Civil Practice and Remedies Code §§ 17.044-.045, service of process may be accomplished by serving duplicate copies of process upon the Texas Secretary of State as follows:

Service of Process
The Secretary of the State of Texas
P. O. Box 12079
Austin, Texas 78711-2079

The Secretary of State will then immediately mail a copy of the process, by registered mail or certified mail, return receipt requested, to Horizon Blue Cross' president and chief executive officer at the company's home office:

Robert A. Marino
President and Chief Executive Officer
Horizon Blue Cross Blue Shield of New Jersey
3 Penn Plaza East
Newark, New Jersey 07105

### III.
### JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over Defendants Texas Blue Cross and Horizon Blue Cross because those Defendants conduct substantial business in Texas, and because a substantial part of the events or omissions giving rise to the claims occurred in Texas.

8.     This Court has subject matter jurisdiction over Defendants Texas Blue Cross and Horizon Blue Cross pursuant to 29 U.S.C. §§ 1001 *et seq*., Employment Retirement Income Security Act ("ERISA"), as Houston Home Dialysis' claims arise, in part, under ERISA.  This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it arises under the Constitution, law or treaties of the United States.

9.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is an action between citizens of different states, as well as citizens of a state and subjects of a foreign state, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  There is complete diversity because the case involves a citizen of Texas and Japan on one side of the litigation and citizens of Illinois and New Jersey on the other

side.

10.     This Court has supplemental jurisdiction under 29 U.S.C. §1367 because Houston Home Dialysis' state-law claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.     Venue is proper in this Court under 29 U.S.C. § 1132(e)(2), which states that "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."

12.     Venue is also properly established in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## IV.
## FACTS

13.     Kidney failure, also known as End-Stage Renal Disease or ESRD, is a medical condition of impaired kidney function in which the kidneys fail to adequately filter metabolic wastes from the blood.  Dialysis is the medically required process required with end-stage kidney failure.  Generally, end-stage kidney failure begins to occur when people lose about 85% of their kidney function.

14.     People who have chronic kidney disease will require dialysis or a kidney transplant at some point or the consequence is kidney failure and death.  People who stop dialysis may live anywhere from one week to several weeks, depending on the amount of kidney function they have left and their overall medical condition.

15.     There are several types of dialysis.  This lawsuit deals with the process of

4

hemodialysis.

16.     With hemodialysis, blood is put through a filter *outside* of the body, cleaned, and then returned.  This is done using a special filter called a dialyzer or artificial kidney.  The dialysis machine pumps blood through a sophisticated dialysis system that controls, for example, the treatment time, temperature, fluid removal and pressure.  Hemodialysis requires a doctor's order and a renal nurse or technician to perform the tasks required during a dialysis treatment. Depending upon the patient's medical condition and other factors, the dialysis process is done either at a dialysis facility, hospital, or at home.

17.     Houston Home Dialysis is a Texas entity organized solely for the purposes of providing staff-assisted home dialysis treatments performed by a licensed renal nurse, one on one, at a patient's home.  Houston Home Dialysis serves Harris County (Houston, Texas) and surrounding counties.

18.     Healthcare providers, like Houston Home Dialysis, are classified as either "in-network" or "out-of-network" medical providers.   In-network medical providers have contractually agreed with health insurance companies to accept pre-determined and heavily discounted rates for healthcare services provided to insured members and beneficiaries.

19.     Out-of-network providers, on the other hand, have not contractually agreed to accept pre-determined and heavily discounted rates for healthcare services.

20.     Relevant to the healthcare claims forming the basis of this lawsuit, Houston Home Dialysis operates as an out-of-network medical services provider who furnished health care services to only those members and beneficiaries covered under out-of-network healthcare plans insured or administered by Blue Cross.

21.     The healthcare plans that are the basis of this lawsuit permitted its members and

5

beneficiaries to obtain healthcare services from out-of-network providers, in this case, Houston Home Dialysis.  The members and beneficiaries paid additional premiums in exchange for this right.  The members and beneficiaries paid additional premiums and voluntarily agreed to accept higher deductibles so it was not necessary to participate in an in-network only provider scheme.

22.     Although Houston Home Dialysis has numerous patients and deals with insurance carriers other than just Blue Cross, this case deals in particular with the non-payment by Blue Cross of charges for staff-assisted home dialysis treatments for six Houston Home Dialysis patients.

23.     Houston Home Dialysis has provided staff-assisted home dialysis treatments for these six patients for a period of over two years.  Prior to the start of the treatment for these six patients, Houston Home Dialysis queried Blue Cross for authorization for the dialysis treatments. Blue Cross then instructed Houston Home Dialysis to begin treatments as an "out-of-network" provider since each patient's Blue Cross policy benefits covered the medically necessary dialysis services from out-of-network providers.

24.     Blue Cross has failed to properly reimburse Houston Home Dialysis for these medically necessary hemodialysis treatments pursuant to the terms of the Blue Cross Plans of the six patients whose benefit claims are at issue in this lawsuit.

25.     For at least three of the patients insured by Texas Blue Cross, the Plans provide that the allowable amount for out-of-network providers will be based on the Medicare reimbursement rate, adjusted by a predetermined factor that Blue Cross established.  The adjustment factor cannot be less than 75%.  The allowable amount also includes a provision limiting it to, at maximum, the amount of the provider's billed charges.  The Plans provide that if no Medicare reimbursement rate is available, or if it is unable to be determined, the allowable amount will be an average

contract rate in aggregate for in-network providers, adjusted by a predetermined factor that Blue Cross established.  The adjustment factor cannot be less than 75%.

26.     Medicare does not pay for staff-assisted home dialysis.  Medicare pays for inpatient dialysis in hospital and outpatient dialysis in dialysis facilities.  Medicare also pays for the equipment and supplies for patients to do self-dialysis at home.  So Medicare will pay for staff-assisted dialysis in a hospital or a clinic and will pay for patients to do their own dialysis at home.  But Medicare will not pay for staff-assisted dialysis in the patient's home, the care that Houston Home Dialysis provided.

27.     Because Medicare does not pay for staff-assisted home dialysis, there is no Medicare reimbursement rate for the service.  Therefore, the amount that was owed under those Texas Blue Cross Plans could not be calculated based on the Medicare reimbursement rate; instead, the average contract rate in aggregate for in-network providers would be used.  That amount would be adjusted by a predetermined factor of at least 75%.

28.     Texas Blue Cross informed Houston Home Dialysis that it pays $600 for in-network staff-assisted home dialysis and that it would pay Houston Home Dialysis $357 per treatment.  Even if it is assumed that Texas Blue Cross is correct that the average contract rate in aggregate for in-network providers of staff-assisted home dialysis is $600, that amount could be adjusted no more than 75% under the Plan.  75% of $600 is $450, which is $93 more than the $357 per treatment that Texas Blue Cross claimed was the proper amount.  So based on Texas Blue Cross' own representations, it calculated payment to Houston Home Dialysis incorrectly.

29.     Covered members and beneficiaries who sought and obtained medical care from Houston Home Dialysis signed an assignment of benefits and a designation of authorized representative agreement.

7

30.     In situations where Blue Cross did not directly insure the healthcare plans, it functioned as the healthcare plan's third-party "plan administrator," as that term is defined under ERISA.    Accordingly, Blue Cross assumed all obligations imposed by ERISA on plan administrators.

31.     Before scheduling or performing any medical services, Houston Home Dialysis called Blue Cross at the telephone number indicated on each covered member's or beneficiary's healthcare card to verify the member or beneficiary's coverage and eligibility, including out-of-network benefit coverage and coverage for the specific healthcare services performed by Houston Home Dialysis.  Blue Cross never told Houston Home Dialysis that staff assisted home dialysis was not covered or that they would not pay for it.

32.     Upon receipt of Blue Cross' authorizations, and in reasonable reliance on those authorizations, Houston Home Dialysis performed medical services for the six covered members and beneficiaries whose benefit claims are at issue in this lawsuit.

33.     After medical services were performed, Houston Home Dialysis properly and timely submitted claims, together with all necessary supporting documents and information through Blue Cross' designated claims handling channels.

34.     Blue Cross, upon receiving these claims, either denied them, underpaid them, or otherwise failed to pay them in accordance with the terms and conditions of the covered member's and/or beneficiary's Plans.  Additionally, Blue Cross failed to pay these claims promptly.

35.     All conditions precedent to bringing this action have occurred, or have been waived.

## V.
## REQUEST FOR DECLARATORY JUDGMENT

36.     Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as set forth verbatim herein.

37.     Houston Home Dialysis seeks a declaratory judgment under the Federal Declaratory Judgment Act and the Texas Declaratory Judgment Act.  28 U.S.C. § 2201 *et seq.;* TEX. CIV. PRAC. & REM. CODE §37.001 *et seq.*

38.     Houston Home Dialysis seeks a declaration from this Court of Blue Cross' reimbursement obligations to Houston Home Dialysis on an on-going forward basis for Houston Home Dialysis' provision of staff-assisted home dialysis to patients covered by Blue Cross Plans.

## VI.
## ERISA-BASED CAUSES OF ACTION

39.     Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

**Count 1:        Claim to Enforce and Obtain Benefits Under ERISA**

40.     As the assignee of the members and beneficiaries whose benefit plans are at issue in this lawsuit, Houston Home Dialysis is entitled to enforce the terms of the healthcare plans pursuant to 29 U.S.C. § 1132(a)(1)(B).  Under § 502(a) of ERISA, 29 U.S.C. § 1132(a)(1)(B), Houston Home Dialysis, as assignee, is entitled to recover benefits under the terms of the healthcare plans for covered members and/or beneficiaries from whom Houston Home Dialysis received an assignment of benefits.

41.     Houston Home Dialysis is entitled to recover benefits for providing medical services to the six individuals whose benefit claims are at issue in this lawsuit in two different capacities: (1) as assignees of the members' benefits and (2) alternatively, as authorized

representatives of the members or beneficiaries themselves.

42.     Blue Cross acted as a fiduciary to its beneficiaries, including Houston Home Dialysis as assignee, because Blue Cross exercised discretion in determining whether the plan benefits would be paid in the amounts set forth in the plans.  As a fiduciary under ERISA, Blue Cross is subject to a civil action under § 502(a) of ERISA.

43.     In further violation of ERISA, Blue Cross failed to provide Houston Home Dialysis, as assignee, with all rights under the terms of the underlying healthcare plan.  Blue Cross failed to make clear to Houston Home Dialysis, as assignee, its rights to future benefits under the terms of the underlying healthcare plans, as required by ERISA.

44.     Blue Cross also breached the terms of the healthcare plans by making claim determinations that had the effect of reimbursing less than the amount indicated by the covered members' healthcare plan for out-of-network medical services, without valid evidence or information to substantiate such determinations, and/or did so in an arbitrary fashion.

45.     As a proximate result of Blue Cross' wrongful acts, Houston Home Dialysis has been damaged.

**Count 2:      Blue Cross' Breach of Fiduciary Duties Under ERISA**

46.     Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

47.     Houston Home Dialysis, as the assignee of the covered members and as the covered members' authorized representative, is entitled to assert a claim for relief because of Blue Cross' breach of the fiduciary duties of loyalty and care under 29 U.S.C. § 1132(a)(3).

48.     Blue Cross acted as "fiduciary" to Houston Home Dialysis, as an assignee in connection with the covered member's and beneficiary's group health plans, as such term is

understood under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  In its capacity as the insurer, plan administrator, claims administrator, and/or fiduciary of ERISA group plans, Blue Cross is a fiduciary.

49.     Blue Cross acted as a fiduciary to its beneficiaries, including Houston Home Dialysis, because Blue Cross exercised discretion in determining whether plan benefits would be paid, and/or the amounts of plan benefits that would be paid, to those plan beneficiaries.  The exercise of discretion in determining plan benefits is an inherently fiduciary function.

50.     By engaging in the conduct described herein, Blue Cross failed to act with the care, skill, prudence and diligence that a prudent plan administrator would use in the conduct of an enterprise of like character or to act in accordance with the documents and instruments governing the plan.  Fiduciaries must ensure that they are acting in accordance with the documents and instruments governing the plan. ERISA §§ 404(a)(1)(B) and (D), 29 U.S.C. §§ 1104(a)(1)(B) and (D).

51.     29 U.S.C. §§ 1104(a)(l)(B) and (D), provide the relevant standard of care for fiduciaries under ERISA:

> Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and … (B) with the care skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; and … (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter 111 of this chapter.

52.     The conduct demonstrated throughout this Complaint establishes Blue Cross' failure to exercise reasonable care towards covered members and beneficiaries, and Houston Home Dialysis, as assignee and authorized representative of the covered members and beneficiaries.  This

11

conduct resulted in an underpayment to Houston Home Dialysis.

53.     Houston Home Dialysis is entitled to relief for Blue Cross' violation of its fiduciary duties under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including restitution, injunctive and declaratory relief, and its removal as a breaching fiduciary.

54.     As a proximate result of Blue Cross' wrongful acts, Houston Home Dialysis has been damaged in the amount in excess of the jurisdictional limits of this Court.

**Count 3:     Blue Cross' Failure to Provide Full & Fair Review Under ERISA**

55.     Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

56.     Blue Cross functions as the "plan administrator" within the meaning of such terms under ERISA when it insures a group health plan, or when it is designated as a plan administrator for such plan.  As such, Houston Home Dialysis is entitled to assert a claim for relief under 29 U.S.C. § 1132(a)(3).

57.     Although Blue Cross was obligated to provide a "full and fair review" of all claims, it failed to do so in connection with the healthcare claims made the subject of this Complaint, and otherwise failed to make necessary disclosures pursuant to 29 U.S.C. § 1133, and its regulations, which mandate that Blue Cross provide a "full and fair review" and make certain disclosures.  29 U.S.C. § 1133 states:

> "In accordance with regulations of the Secretary, every employee benefit plan shall (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim."

58.     Blue Cross wholly failed to fulfill these obligations and, therefore, failed to provide

a full and fair review to Houston Home Dialysis.  Blue Cross failed to provide the specific reasons

for its denials of benefits, and the denials were not written in a manner calculated to be understood

by the covered member, its assignee, or its authorized representative.   Specifically, the denial

letters from Blue Cross either gave no explanation as to why the claim was denied or underpaid,

gave an explanation that was conclusory in nature, or otherwise made no attempt to explain any

rational basis for the denials or underpayments.

59.     Further, Blue Cross failed to provide a full and fair review by not providing

documents in response to Houston Home Dialysis' requests.  Houston Home Dialysis submitted

multiple written requests for copies of documents related to the claims and healthcare plans at

issue in this case.

60.      Pursuant to 29 C.F.R. 2560.503-l(h)(2), Blue Cross was required, among other

things, to do the following:

(i)     Provide claimants the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits;

(ii)     Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits; and

(iii)     Provide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

61.     Blue Cross failed to fulfill the obligations imposed by 29 C.F.R. 2560.503-l(h)(2),

and, therefore, failed to provide a full and fair review to Houston Home Dialysis.  Despite demand

for all documents, records, and other information relevant to Houston Home Dialysis' claim for

benefits, Blue Cross produced nothing to Houston Home Dialysis. Further, Blue Cross' review, if

any, failed to take into account all documents, records, and other information submitted by

Houston Home Dialysis. When Houston Home Dialysis appealed these determinations, Blue Cross rarely amended its initial determination that had denied, or substantially underpaid, benefits owed under the underlying healthcare plan. Blue Cross either provided no explanation for its adverse determinations against Houston Home Dialysis, or provided a conclusory explanation that frequently consisted of one to two sentences indicating that Blue Cross was maintaining the prior decision.

62. Houston Home Dialysis was proximately harmed by Blue Cross' failure to comply with 29 U.S.C. § 1133, and has been damaged.

**Count 4:** **Penalties for Blue Cross' Failure to Provide Information**

63. Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

64. 29 U.S.C. § 1132(c) provides penalties for an administrator's refusal to supply required information. Specifically, 29 U.S.C. § 1132(c)(l)(B) provides:

> Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

65. 29 U.S.C. § 1024(b)(4) states, in part:

> "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, or other instruments under which the plan is established or

operated."

66.     Houston Home Dialysis made written requests for information to Blue Cross; however, Blue Cross failed to comply with these requests.

67.     29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1(h)(5) provide a civil penalty in the amount of $100 per day for such failure and refusal to provide the requested documents.  As such, Houston Home Dialysis is not only entitled to the requested documents through an appropriate order of this Court but it is also entitled to the $100 per day civil penalty for each claim at issue in this case.[1]

**Count 5:        Blue Cross' Violations of Claims Procedures Under ERISA**

68.     Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

69.     Blue Cross is an insurance company that is subject to regulation under the insurance laws of more than one state, including the State of Texas.  Further, Blue Cross processes benefit claims for self-funded healthcare plans providing claims filing and notices of decisions to policyholders in such plans.

70.     Blue Cross must comply with claims procedures defined by law (e.g., 29 CFR § 2560.503-1) for subscribers and members.  Houston Home Dialysis is, therefore, entitled to seek additional relief if an insurance company failed to comply with federal law.  29 U.S.C. § 1132(a)(3).

71.     Blue Cross violated these claims procedure regulations by engaging in conduct that

---

[1] Houston Home Dialysis recognizes that the Fifth Circuit issued an opinion on December 19, 2017, limiting this statutory provision to claims against the plan administrator only, while courts within the Fifth Circuit had previously allowed claims against de facto plan administrators.  *Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., LLC*, ___ F.3d ___, 2017 WL 6460150 (5th Cir. 2017).  That decision is still subject to motions for rehearing and other review, so it is not yet final.  Houston Home Dialysis pleads this claim to preserve its rights.

rendered its claims procedures and appeals process unfair to subscribers and their assignee.

72.     As a proximate result of its violation of such regulations, Houston Home Dialysis has been harmed in an amount in excess of the jurisdictional limits of this Court.

## VII.
## STATE LAW CAUSES OF ACTION

**Count 6:      Blue Cross' Breach of Contract**

73.     Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as set forth verbatim herein.

74.     Houston Home Dialysis has not entered into an express managed care contract with Blue Cross.  However, Houston Home Dialysis had a longstanding relationship with Blue Cross and operated pursuant to a contractual relationship based upon a course of conduct regarding billing and payment that existed prior to the events underlying this dispute.

75.     Approvals for insurance coverage made by Blue Cross to Houston Home Dialysis for medical services Houston Home Dialysis provided to Blue Cross members and beneficiaries created a contract requiring Blue Cross to properly pay for such services.

76.     In accordance with the established course of dealings, Houston Home Dialysis billed Blue Cross for services rendered to each of six patients whose benefit claims are at issue in this lawsuit.   Houston Home Dialysis provided staff-assisted home dialysis to those patients with the reasonable expectation that it would be reimbursed for out-of-network services in the amounts allowed under the patients' healthcare plans.

77.     Blue Cross has failed and refused to reimburse Houston Home Dialysis the amounts allowed under the healthcare plans of the six individuals whose benefit claims are at issue in this lawsuit.

78.     Blue Cross administered the claims, resulting in underpayments to Houston Home

Dialysis.

79.     As a result of the breach of contract by Blue Cross, Houston Home Dialysis has been damaged and is entitled to its actual damages, plus reasonable attorneys' fees and costs for having to prepare and prosecute this cause of action for breach of contract.

**Count 7:        Promissory Estoppel**

80.     Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

81.     Houston Home Dialysis brings a claim for promissory estoppel in its own right as an out-of-network provider.  Covered members and beneficiaries received healthcare services from Houston Home Dialysis.  Before scheduling any procedure for covered members, Houston Home Dialysis contacted Blue Cross, or the contracted agent that is listed on each member's insurance card, to confirm whether coverage was available for the scheduled services and to obtain the specific coverage details for that covered member's healthcare plan.

82.     During the verification phone conferences between Houston Home Dialysis and Blue Cross, Blue Cross represented to Houston Home Dialysis that the patients and services were covered by health insurance policies that contained out-of-network benefits.  In each instance, Blue Cross confirmed eligibility, coverage and benefits for the scheduled procedure.  Neither Blue Cross nor its agents ever disclosed coverage limitations or restrictions.  By confirming coverage, Blue Cross made a clear and definite promise to pay Houston Home Dialysis for each of the services provided.

83.     These unambiguous promises to pay Houston Home Dialysis constitute an obligation Blue Cross owes to Houston Home Dialysis independent of the obligations Blue Cross owes the members of the health care plans issued or administered by Blue Cross.

17

84.     Houston Home Dialysis did not have access to the various members' healthcare plans, and, therefore, had to rely upon the information provided by Blue Cross and its agents in order to determine whether Houston Home Dialysis would be reimbursed for services performed. Thus, Houston Home Dialysis reasonably and substantially relied on the verifications from Blue Cross to its detriment by performing medical services to covered members and beneficiaries.

85.     Houston Home Dialysis' reliance on these representations was foreseeable to Blue Cross.  Through the communications between Houston Home Dialysis and Blue Cross, Blue Cross knew that Houston Home Dialysis was attempting to determine coverage information prior to rendering services.  The purpose of Houston Home Dialysis' verification confirmation calls was to obtain Blue Cross' assurance that the medical services to be provided were covered under the applicable healthcare plan.  Blue Cross, which is in the business of administering health insurance policies, understood this fact and knew, or should have known, that Houston Home Dialysis would rely on Blue Cross' verification of coverages and assurance of payments by performing medical services.

86.     Houston Home Dialysis' reliance upon Blue Cross' coverage and benefit payment promises was detrimental to Houston Home Dialysis' business operations and cash flow because Houston Home Dialysis did not require covered members to make alternate payment arrangements before the procedures were scheduled and services were provided.

87.     After providing services to covered members and beneficiaries, and pursuant to Blue Cross' representations, Houston Home Dialysis submitted claims to Blue Cross for payment of benefits.

88.     Despite its obligation to pay each claim, Blue Cross has failed, and continues to fail, to pay Houston Home Dialysis consistent with its agents' representations and its unambiguous

promises to pay for the services it provided to the covered members and beneficiaries, causing Houston Home Dialysis damages.

**Count 8:        Quantum Meruit**

89.     Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

90.     Houston Home Dialysis brings this claim in its own right rather than as assignee of the covered members' rights, or as the authorized representative of the covered member or beneficiary.

91.     Before providing services to a covered member or beneficiary, Houston Home Dialysis informed Blue Cross that the member or beneficiary was scheduled for certain medically necessary healthcare services.  Houston Home Dialysis requested authorization from Blue Cross to provide the healthcare services at issue.  Blue Cross and/or the Blue Cross' agents provided Houston Home Dialysis with authorization to provide the services to the covered member or beneficiary.

92.     Blue Cross, either directly or through its agents, agreed to pay Houston Home Dialysis directly for the services it provided to the covered members and beneficiaries. Furthermore, when Houston Home Dialysis called Blue Cross and/or Blue Cross' agents to verify their patients' coverage, Houston Home Dialysis and Blue Cross understood, based on the representations of Blue Cross or its agents and the above-described pre-authorizations, that by providing medical necessary healthcare services, Houston Home Dialysis would be paid pursuant to the patients' Plans.  In reasonable reliance on such representations, Houston Home Dialysis furnished valuable medical services and materials to the covered members and beneficiaries.

93.     Blue Cross' authorizations, together with the overall course of conduct between the

parties, created an implied agreement whereby Blue Cross promised to pay for medical services furnished to covered members or beneficiaries.

94.     Blue Cross accepted, used, enjoyed, and benefited from Houston Home Dialysis' provision of valuable healthcare services.

95.     Blue Cross knew that Houston Home Dialysis was providing the services for the benefit of Blue Cross' covered members and beneficiaries.

96.     Blue Cross had reasonable notice that Houston Home Dialysis expected compensation for the above-described services and materials.

97.     Blue Cross has failed and refused, and continues to refuse, to timely and properly pay Houston Home Dialysis pursuant to the terms of the covered members' and beneficiaries' Plans, causing damages to Houston Home Dialysis.  As a result, Blue Cross, which accepted the benefit of the medical services furnished to covered members and beneficiaries as well as the insurance premiums from covered members and beneficiaries in exchange for out-of-network healthcare coverage, has been unjustly enriched in the amount that it should have paid to Houston Home Dialysis.

**Count 9:        Negligent Misrepresentation**

98.     Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

99.     Houston Home Dialysis brings this claim in its own right to recover for Blue Cross' negligent misrepresentations made directly to Houston Home Dialysis.

100.    Blue Cross was well-apprised of the facts concerning Houston Home Dialysis' request to provide services to covered members and beneficiaries.  When Houston Home Dialysis called Blue Cross or its agents to verify insurance coverage, Houston Home Dialysis asked Blue

Cross or its agents if the underlying healthcare plan provided out-of-network benefits for the medical services Houston Home Dialysis intended to perform. Blue Cross' representatives responded in the affirmative.

101. For healthcare services that Blue Cross indicated required pre-authorization, Houston Home Dialysis further sought, and received such authorization from Blue Cross before providing services to the covered member or beneficiary.

102. For medical services that did not require pre-authorization, Houston Home Dialysis relied on Blue Cross' representation to Houston Home Dialysis during the initial insurance verification telephone call that no express pre-authorization was required for Houston Home Dialysis to be paid for providing the services to the covered member or beneficiary. In providing these responses, Houston Home Dialysis intended that its conduct would be acted upon by Houston Home Dialysis and/or knew that, after telling Houston Home Dialysis the services were authorized or that no authorization was necessary, Houston Home Dialysis would provide the discussed services to the covered members and beneficiaries.

103. It is common practice in the health care industry for Blue Cross to assure out-of-network healthcare providers in advance that they will be reimbursed for services provided to the covered member and beneficiaries. Thus, it was foreseeable that Houston Home Dialysis would rely upon the above-mentioned misrepresentations.

104. Blue Cross or its agents made the above-mentioned representations to Houston Home Dialysis in the course of Blue Cross' business, or in a transaction in which Blue Cross had a pecuniary interest.

105. Blue Cross or its agents made the above-mentioned misrepresentations for the guidance of others, including Houston Home Dialysis.

106. Blue Cross or its agents did not exercise reasonable care or competence in obtaining or communicating the information.

107. Blue Cross or it agents made the above-mentioned misrepresentations without reasonable grounds for believing them to be true or accurate.

108. Houston Home Dialysis reasonably and actually relied on Blue Cross' statements that the services were authorized, or that no authorization was needed in order to be paid the usual and customary rate for their services.

109. Houston Home Dialysis likewise reasonably and actually relied on Blue Cross' statements that it would pay Houston Home Dialysis for services rendered to Blue Cross' members and beneficiaries. In reliance on these representations, Houston Home Dialysis rendered medical services to the patients and did not seek alternative potential sources of payment. Had Houston Home Dialysis known the truth, it never would have rendered the services to Blue Cross' members and beneficiaries.

110. As a proximate result of Blue Cross' negligent misrepresentations, Houston Home Dialysis suffered damages.

**Count 10: Texas Insurance Code § 1301 – Prompt Pay Provisions**

111. Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

112. Houston Home Dialysis has standing to pursue this count in its own right as a provider of medical services to covered members and beneficiaries.

113. The Prompt Pay provisions in Texas Insurance Code Chapter 1301 apply because Houston Home Dialysis provided the insureds with "specialty or other medical care or health care services at the request of the insurer or a preferred provider because the services are not reasonably

22

available from a preferred provider who is included in the preferred delivery network." TEX. INS. CODE § 1301.069(2)(B). Specifically, Houston Home Dialysis provides staff-assisted home dialysis services that are not reasonably available from an in-network provider. Houston Home Dialysis provided those services to the patients at the request of the insured's physicians who are in-network preferred providers.

114.    Under Texas Insurance Code § 1301.137, if a clean claim submitted to an insurer is payable and the insurer does not timely pay the claim, then the insurer owes the provider a penalty of up to 100% of the difference between the billed charges and the contracted rate and 18% interest on the penalty amount. This provision also applies to any person with whom an insurer contracts to process or pay claims or who issues verifications or preauthorizations. TEX. INS. CODE § 1301.109.

115.    Houston Home Dialysis submitted clean claims to Blue Cross, but Blue Cross did not timely pay the claim. TEX. INS. CODE §§ 1301.109, 1301.131. Blue Cross, therefore, owes Houston Home Dialysis penalties and interest on the penalties under Texas Insurance Code § 1301.137.

116.    Houston Home Dialysis has been damaged as a proximate result of these violations.

**Count 11:    Texas Insurance Code Chapter 542 – Prompt Pay Provisions**

117.    Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

118.    Houston Home Dialysis has standing to pursue this count in its own right as a provider of medical services to covered members and beneficiaries.

119.    In the alternative, the Prompt Pay provisions in Texas Insurance Code Chapter 542, Subchapter B apply. TEX. INS. CODE § 1301.156; TEX. INS. CODE §§ 542.051-.061. Under this

provision, Blue Cross owes 18 percent interest per year on the unpaid claims as damages, in addition to attorneys' fees.  TEX. INS. CODE § 542.060.

120.    Houston Home Dialysis has been damaged as a proximate result of these violations.

**Count 12:      Texas Insurance Code 1301.056 – Payment at Discounted Rate**

121.    Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

122.    Houston Home Dialysis has standing to pursue this count in its own right as a provider of medical services to covered members and beneficiaries.

123.    Texas Insurance Code § 1301.056 prohibits an insurer from reimbursing a provider at a discounted rate without the provider's consent.  Houston Home Dialysis has not consented or agreed to accept payment less than the amount owed under the Blue Cross Plans.  Therefore, Blue Cross' payment to Houston Home Dialysis of an amount less than the amount owed under the Blue Cross Plans violates Texas Insurance Code § 1301.056.

124.    Houston Home Dialysis has been damaged as a proximate result of these violations.

**Count 13:      Texas Insurance Code § 542.003 – Unfair Claim Settlement Practices**

125.    Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

126.    Houston Home Dialysis has standing to pursue this count both in its own right as a provider of medical services to covered members and beneficiaries, and also as an assignee of its patients.

127.    Blue Cross' misrepresentations to Houston Home Dialysis regarding coverage and reimbursement described above constitute an unfair or deceptive act or practice in violation of Texas Insurance Code § 541.003.

128.    In addition, Blue Cross' payment to Houston Home Dialysis of amounts lower than the amount owed under the Blue Cross plans is an unfair claim settlement practice in violation of Texas Insurance Code § 541.003.  TEX. INS. CODE § 1301.056(c)(1).

129.    Blue Cross' violations of Texas Insurance Code § 541.003 also violate Texas Business and Commerce Code § 17.50(4).  Houston Dialysis is entitled to its economic damages, up to three times its economic damages because the violation was committed knowingly and intentionally, an order enjoining further unfair claim settlement practices, disgorgement, and attorneys' fees.  TEX. BUS. & COMM. CODE § 17.50(c)-(d).

130.    Houston Home Dialysis has been damaged as a proximate result of these violations.

## VIII.
## DAMAGES

131.    Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

132.    Houston Home Dialysis is entitled to compensatory damages in an amount in excess of the jurisdictional limits of this Court.

133.    Further, Houston Home Dialysis is entitled to damages and interest under the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court.

## IX.
## ATTORNEYS' FEES

134.    Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

135.    Houston Home Dialysis has repeatedly presented claims to Blue Cross demanding proper payment for the above-described healthcare services.  More than 30 days have passed since those demands were made, but Blue Cross has failed and refused to properly pay Houston Home

Dialysis.  As a result of Blue Cross' failure to properly pay these claims, Houston Home Dialysis has been required to retain legal counsel to institute and prosecute this action.  Houston Home Dialysis is, therefore, entitled to recover reasonable attorneys' fees for necessary services rendered in prosecuting this action, as well as any subsequent appeals.

136.    Houston Home Dialysis is entitled to an award of attorneys' fees on its ERISA claims.  *See* 29 U.S.C. § 1132(g)(l).  *See also Hardt v. Reliance Standard Life Ins. Co.,* 130 S. Ct. 2149, 2152 (2010); *Baptist Mem'l Hosp.-Desoto, Inc. v. Crain Auto. Inc.,* 392 Fed. Appx. 289, 299 (5th Cir. 2010).

137.    Houston Home Dialysis is also entitled to an award of attorneys' fees regarding its Texas Insurance Code claims.  TEX. BUS. & COMM. CODE § 17.50(d); TEX. INS. CODE § 542.060; TEX. INS. CODE § 1301.108.

138.    Houston Home Dialysis is also entitled to an award of attorneys' fees regarding its breach of contract claim.  TEX. CIV. PRAC. & REM. CODE § 38.001.  Houston Home Dialysis has presented claims to Blue Cross demanding proper payment for the value of the above-described services.  Blue Cross has failed and refused to properly pay Houston Home Dialysis more than 30 days after the demands were made.  As a result of Blue Cross' failure to properly pay these claims, Houston Home Dialysis was required to retain legal counsel to institute and prosecute this action.

## X.
## CONCLUSION

139.    Houston Home Dialysis demands judgment in its favor.  This Court should award Houston Home Dialysis relief as follows:

> a.    A declaration from this Court of Blue Cross' reimbursement obligations to Houston Home Dialysis on a going-forward basis for Houston Home Dialysis' provision of staff-assisted home dialysis to patients covered by Blue Cross Plans.

b.      Actual damages.

c.      Penalties and interest under the Texas Insurance Code and other applicable Texas statutes.

d.      Reasonable attorneys' fees, costs, and expenses.

e.      Pre-judgment and post-judgment interest.

f.      All other relief, legal or equitable, to which Houston Home Dialysis is entitled.

Respectfully submitted,

BAKER • WOTRING LLP

*/s/ Earnest W. Wotring*
Earnest W. Wotring
Attorney-in-Charge
Texas Bar No. 22012400
Southern District No. 15284
David George
Texas Bar No. 00793212
Southern District No. 19330
Karen Dow
Texas Bar No. 06066800
Southern District No. 18776
700 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Tel.    (713) 980-1700
Fax     (713) 980-1701
ewotring@bakerwotring.com
dgeorge@bakerwotring.com
kdow@bakerwotring.com

**ATTORNEYS FOR PLAINTIFF
HOUSTON HOME DIALYSIS, LP**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2017, a copy of the above First Amended Complaint and Request for Declaratory Judgment was served on all counsel of record via the Court's electronic filing system.

Martin J. Bishop
Thomas Hardy
Reed Smith LLP
10 S. Wacker Drive
40th Floor
Chicago, IL 60606
mbishop@reedsmith.com
thardy@reedsmith.com

*Attorneys for Texas Blue Cross*

*/s/ Earnest W. Wotring*
Earnest W. Wotring