UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOUSTON HOME DIALYSIS, LP, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BLUE CROSS AND BLUE SHIELD OF )<br>TEXAS, INC., A DIVISION OF HEALTH )<br>CARE SERVICE CORPORATION, A )<br>MUTUAL RESERVE COMPANY, and )<br>HORIZON BLUE CROSS BLUE SHIELD OF )<br>NEW JERSEY )<br>)<br>Defendants. ) | Case No. 4:17-cv-02095<br><br>Chief Judge Lee H. Rosenthal |

**DEFENDANT HEALTH CARE SERVICE CORPORATION'S
UNOPPOSED MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

Defendant Blue Cross and Blue Shield of Texas, a division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSTX"), by and through its counsel, Reed Smith LLP, respectfully seeks leave to file a late response to Plaintiff Houston Home Dialysis, LP's ("Plaintiff") First Amended Complaint ("FAC"), pursuant to Federal Rules of Civil Procedure 16(b)(4) and 55(c).

**BACKGROUND**

1.      On November 20, 2017, the Court entered a schedule pursuant to which Plaintiff would file its FAC on December 22, 2017, and BCBSTX would file its response on January 12, 2018. (D.E. 11.) Plaintiff timely filed its FAC on December 21, 2017. (D.E. 13.) Counsel for BCBSTX, however, inadvertently mis-calendared BCBSTX's response deadline as January 18,

4832-7688-7586.1

2018, and thus did not file its response on January 12, 2018. The Court has not entered a default against BCBSTX.

## ARGUMENT

2.    BCBSTX has good cause for allowing it to file a late response. Federal Rule of Civil Procedure 55(c) grants the Court discretion to set aside a default for good cause. Fed. R. Civ. P. 55(c). Entry of default is disfavored and "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citation omitted). The factors the Court should consider are (1) whether the failure to timely file was willful; (2) whether the plaintiff will be prejudiced if the Court grants this motion; and (3) whether BCBSTX has a meritorious defense. *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). To show a meritorious defense, a party must show "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re O.C.A., Inc.*, 551 F.3d 359, 371 (5th Cir. 2008) (citation omitted). Trial on the merits is strongly favored over entry of default. *Lacy*, 227 F.3d at 292.

3.    BCBSTX's failure to timely file its response to the FAC was not willful or intentional, but rather was the result of an error in calendaring the deadline. *See* Declaration of T. Hardy, attached as Exhibit A.

4.    Plaintiff will not be prejudiced if the Court grants this motion, considering that only one business day has elapsed since the response was due and BCBSTX's late filing will not require any other deadlines to be moved. Moreover, summons as to the other defendant, Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), was only issued on January 5, 2018, and thus Horizon has not yet appeared or responded to the FAC. In addition, Plaintiff is not opposed to the relief sought by this motion.

5.     Finally, BCBSTX has a meritorious defense, as demonstrated by the motion to dismiss attached as Exhibit B, which presents grounds for dismissal of all counts of Plaintiff's FAC.

6.     Given that default is disfavored and the relevant factors favor granting BCBSTX leave to file a late response, the Court should grant this motion and grant leave for BCBSTX to file its motion to dismiss, *instanter*.

WHEREFORE, for the reasons set forth above, BCBSTX respectfully requests that the Court grant this motion and allow BCBSTX to file the motion to dismiss attached hereto as Exhibit B, *instanter*, and for such other and further relief as the Court deems just and proper.

Dated: January 16, 2018                              Respectfully submitted,

/s/ Thomas C. Hardy _____
Martin J. Bishop (Tex. Bar No. 24086915)
Thomas C. Hardy (admitted pro hac vice)
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
mbishop@reedsmith.com
thardy@reedsmith.com
T 312.207.1000
F 312.207.6400

Jordan Jenel La Raia
Reed Smith LLP
811 Main Street, suite 1700
Houston, TX 77002
jlaraia@reedsmith.com
T 713.469.3800
F 713.469.3899

*Attorneys for Defendant Health Care Service Corporation, a Mutual Legal Reserve Company*

## **CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that on January 16, 2018, I communicated with Earnest Wotring, counsel for Plaintiff Houston Home Dialysis, LP, by telephone and electronic mail regarding the relief sought by the foregoing motion, and he stated that Plaintiff is not opposed to the requested relief.

*/s/   Thomas C. Hardy*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 16, 2018, a true and correct copy of the foregoing was served via the Court's ECF notice system on all registered ECF filers who have appeared in this action.

*/s/   Thomas C. Hardy*