IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON HOME DIALYSIS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2095 |
| | § | |
| BLUE CROSS and BLUE SHIELD OF | § | |
| TEXAS, A DIVISION OF HEALTH CARE | § | |
| SERVICE CORPORATION, A MUTUAL | § | |
| RESERVE COMPANY and HORIZON | § | |
| BLUE CROSS BLUE SHIELD OF NEW | § | |
| JERSEY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER ON THE MOTION TO DISMISS**

Houston Home Dialysis, a medical-services provider, sued Blue Cross and Blue Shield of Texas and Horizon Blue Cross Blue Shield, alleging failures to pay for medical services provided to beneficiaries of its health care insurance plans. Houston Home Dialysis asserted claims under both the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and Texas state law. (Docket Entry No. 13). Blue Cross and Blue Shield of Texas moved to dismiss, Houston Home Dialysis responded, and Blue Cross Texas replied. (Docket Entry Nos. 21, 28, 32). Horizon Blue Cross Blue Shield moved to join Blue Cross Texas's motion. (Docket Entry No. 29).

Based on a careful review of the pleadings, the motion, response, and reply, and the applicable law, the motion to dismiss is granted in part and denied in part. The court dismisses the claim for breach of fiduciary duty under ERISA, the claim for failure to provide information under ERISA, the claim for violating ERISA claim procedures, the state-law claims, and the Texas Insurance Code claims. Counts 1 and 3 for recovery of benefits under ERISA and failure to provide

1

full and fair review under ERISA remain. Counts 5 to 13 are dismissed, but without prejudice and with leave to amend by **July 6, 2018.** Counts 2 and 4 are dismissed with prejudice.

The reasons for these rulings are explained below.

**I.      Background**

Houston Home Dialysis provides in-home dialysis services to patients with end-stage renal disease, an advanced form of kidney failure. Houston Home Dialysis is an out-of-network provider because it has no contract with the insurers to accept predetermined rates for the health care services it provides. Houston Home Dialysis sued Blue Cross and Blue Shield of Texas and Horizon Blue Cross Blue Shield for not fully reimbursing the costs of medical services provided to six different patients covered by health care insurance plans that allowed them to obtain out-of-network health care services. In exchange, the patients pay higher premiums and have higher deductibles than those limited to in-network providers.

Houston Home Dialysis alleges that it asked both of the Blue Cross insurers to authorize the dialysis-treatment services for the six patients, and that they confirmed coverage and authorized Houston Home Dialysis to treat the patients as an out-of-network provider. Houston Home Dialysis alleges that Blue Cross then failed to reimburse it under the plan terms. Houston Home Dialysis specifically alleges that the Blue Cross plans based the allowable amount on the Medicare reimbursement rate, adjusted by other factors. Under the plans, if no Medicare rate exists, the allowable amount is the aggregated average contract rate for in-network providers, also adjusted by other factors. The payment after adjustment must be at least 75% of the base Medicare or average in-network contract rate. Because Medicare does not cover staff-assisted home dialysis, which is the service Houston Home Dialysis provides, the allowable amount is the aggregated average contract rate for in-network providers, adjusted by Blue Cross's determined factors. According to

2

Houston Home Dialysis, Blue Cross stated a $600 rate for in-network in-home dialysis and promised to pay Houston Home Dialysis $357 per treatment. Houston Home Dialysis alleges that the $600 rate should not have been reduced by more than 25%, meaning that Blue Cross owed at least $450 per treatment—75% of $600—$93 more than what Blue Cross paid.

Houston Home Dialysis seeks a declaratory judgment setting Blue Cross's future reimbursement obligations. Houston Home Dialysis also asserts 13 causes of action for past failures to pay. The ERISA causes of action are for: (1) benefits under § 502(a) of ERISA; (2) breach of fiduciary duty under § 502(a)(3); (3) failure to provide the full and fair review ERISA requires; (4) failure to provide the information ERISA requires; and (5) violations of the ERISA claim procedures. The state-law claims are for: (6) breach of contract; (7) promissory estoppel; (8) quantum meruit; (9) negligent misrepresentation; (10) failure to provide prompt payment under the Texas Insurance Code, § 1301; (11) failure to provide prompt payment under § 542 of the Code; (12) violation of § 1301.056 of the Code for paying discounted rates without Houston Home Dialysis's consent; and (13) unfair claim-settlement practices under § 541.003 of the Code.

Blue Cross Texas moves to dismiss on several grounds and moves to strike Houston Home Dialysis's jury demand. (Docket Entry No. 21). Horizon Blue Cross Blue Shield moves to join Blue Cross Texas's motion to dismiss. (Docket Entry No. 29). That motion is granted and the rulings in this opinion are as to both Blue Cross defendants. Each argument is considered under the applicable legal standard.

## II. The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which

3

requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quoting *Twombly*, 550 U.S. at 558) (internal quotation marks and alteration omitted).

When a plaintiff's complaint fails to state a claim, the court should generally give the

4

plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (Rule 15(a) "evinces a bias in favor of granting leave to amend"); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend for futility if the amended complaint would fail to state a claim upon which relief could be granted. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prods. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GMBH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012).

**III.   Analysis**

   **A.     Houston Home Dialysis's Standing to Sue under ERISA**

Blue Cross Texas argues that Houston Home Dialysis does not sufficiently allege standing to assert any of its ERISA claims. According to Blue Cross Texas, Houston Home Dialysis alleges only a general "assignment of benefits" from each of the six patients, with no details about the language or scope of the assignments, which is insufficient for standing. Blue Cross Texas also argues that Houston Home Dialysis alleges only the assignment of benefits, but no facts to establish that it has the right to assert the other claims.

Houston Home Dialysis responds that it has sufficiently alleged that it received assignments of benefits from its patients. It also argues that Blue Cross Texas mistakenly relies on *Grand Parkway Surgery Ctr., LLC v. Health Care Serv. Corp.*, No. H-15-0297, 2015 U.S. Dist. LEXIS

5

77373 (S.D. Tex. June 16, 2015), to argue dismissal for lack of standing.

Section 502 of ERISA provides that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1). The Fifth Circuit recognizes "derivative standing" for a plan participant who assigns plan benefits or rights to a non-enumerated party, such as a health care service provider. *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 891 (5th Cir. 2003); *see also Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 334 (5th Cir. 2005) ("It is well established that a healthcare provider, though not a statutorily designated ERISA beneficiary, may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim."). "For a third-party to obtain standing to assert a non-benefits ERISA claim, the asserted claim must have been expressly assigned to the third-party." *Romano Woods Dialysis Ctr. v. Admiral Linen Serv.*, No. H-14-1125, 2014 U.S. Dist. LEXIS 95713, at *6 (S.D. Tex. July 15, 2014) (citing *Tex. Life, Accident, & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210, 218 (5th Cir. 1997)).

The complaint states that "[c]overed members and beneficiaries who sought and obtained medical care from Houston Home Dialysis signed an assignment of benefits and a designation of authorized representative agreement." (Docket Entry No. 13 at 7). Houston Home Dialysis is correct that *Grand Parkway* held that the plaintiff's allegation that it received an assignment of benefits is sufficient at the motion-to-dismiss stage. The plaintiff need not attach the benefit assignment to the complaint. *Grand Parkway*, 2015 U.S. Dist. LEXIS 77373, at *5, 7 (denying motion to dismiss for lack of standing because the assignments were not attached to the complaint and the court could not determine the scope of the assignments); *see also Mid-Town Surgical*

*Center*, 16 F. Supp. 3d at 775 (dismissing for insufficient assignment of benefits only after the parties provided three examples of the assignment language used); *Tex. Life*, 105 F.3d at 218 (lack of standing determined at summary judgment); *Romano Woods*, 2014 U.S. Dist. LEXIS 95713, at *6 (lack of standing for insufficient standing based on the assignment language).

This is not, however, Blue Cross Texas's argument. Blue Cross Texas argues that a general assignment of benefits does not confer standing for all ERISA claims, which is correct. "Assignments that do not refer specifically to fiduciary duty or other non-benefits ERISA claims do not assign non-benefits claims to the plaintiff." *Grand Parkway*, 2015 U.S. Dist. LEXIS 77373, at *6; *see also Tex. Life*, 105 F.3d at 218 ("[O]nly an express and knowing assignment of an ERISA fiduciary breach claim is valid."); *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex., Inc.*, 16 F. Supp. 3d 767, 775 (S.D. Tex. 2014); *Sleep Lab at West Houston v. Tex. Children's Hosp.*, No. H-15-0151, 2015 U.S. Dist. LEXIS 70889, *8 (S.D. Tex. June 2, 2015); *Romano Woods*, 2014 U.S. Dist. LEXIS 95713, *2.

Without the assignment language, the court cannot determine whether the assignments include non-benefits rights. Construing the allegations in the light most favorable to Houston Home Dialysis, the motion to dismiss is denied, without prejudice to reurge the same argument on a fuller record.

### B. The § 502(c) Claim

Houston Home Dialysis concedes that the Fifth Circuit's recent decision in *Connecticut General Life Insurance Co. v. Humble Surgical Hospital, LLC*, 878 F.3d 478 (5th Cir. 2017), forecloses this claim. *Connecticut General* held that ERISA § 502(c) claims are available to a plan administrator, rejecting the *de facto* administrator claim. Count 4 is dismissed, with prejudice, because amendment is futile.

## C. Duplicative Claims

Blue Cross Texas argues that several of Houston Home Dialysis's claims stem from the same conduct and are duplicative. Blue Cross Texas alleges that Count 2, which asserts a § 502(a)(3) claim, seeks to redress the same conduct as Count 1, which asserts a § 502(a)(1)(B) claim. Blue Cross Texas also argues that Count 3, which asserts a § 503 claim, duplicates the claim asserted in Count 5. Both claims, Blue Cross Texas argues, fail because § 503 is enforceable only against an employee benefit plan, which the Blue Cross plans are not.

### 1. Count 1 and Count 2

Count 1 asserts a claim under § 1132(a)(1)(B), alleging that Blue Cross Texas breached the fiduciary duty owed to its beneficiaries by failing to provide Houston Home Dialysis with the rights and benefits due under the plans. Houston Home Dialysis alleges that Blue Cross Texas also breached its plan duties when it reimbursed less than the allowable amount.

Count 2 alleges the Blue Cross Texas breached its fiduciary duties to Houston Home Dialysis, violating § 1132(a)(3). Blue Cross Texas allegedly acted as a fiduciary when it exercised discretion in determining how to pay benefits, and it breached that duty by failing "to act with the care, skill, prudence and diligence that a prudent plan administrator would use in the conduct of an enterprise of like character or to act in accordance with the documents and instruments governing the plan." (Docket Entry No. 13 at 11).

Blue Cross Texas argues that because Count 1 and Count 2 are based on the same conduct, Houston Home Dialysis cannot recover under both. Blue Cross Texas also argues that when a plaintiff claims benefits, it cannot also claim equitable relief. Houston Home Dialysis agrees that it cannot recover under both claims and argues that it is pleading in the alternative. Blue Cross Texas challenges this approach.

"A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits of the plan; [or] (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(1)(B), (3). "Equitable relief under ERISA is normally unavailable 'where Congress elsewhere provided adequate relief for a beneficiary's injury.'" *Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 812 (5th Cir. 2017) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996)). "Because ERISA's civil enforcement provision provides a direct mechanism to address the injury for which [the plaintiff] seeks equitable relief, she cannot assert a separate ERISA claim for breach of fiduciary duty." *Id.* (citing *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998)).

In *Gonzales v. Autozone, Inc.*, 776 F. Supp. 2d 405, 409 (S.D. Tex. 2011), the court held that:

> [c]lear Fifth Circuit authority establishes that an ERISA plaintiff may bring an equitable claim under Section 1132(a)(3) ***only*** when no other remedy is available under Section 1132. Therefore, if a plaintiff articulates a claim for recovery of plan benefits under Section 1132(a)(1), the plaintiff is deemed to have an adequate remedy and may not also pursue an equitable claim under Section 1132(a)(3). Moreover, the Fifth Circuit makes clear that the fact that a plaintiff's claim under Section 1132(a)(1) fails on the merits does not make an alternate, equitable claim under Section 1132(a)(3) viable.

(emphasis in original).

Blue Cross Texas relies on *Tolson v. Avondale Indus.*, 141 F.3d 604 (5th Cir. 1998), for its argument that Houston Home Dialysis cannot assert an alternative claim under § 1132(a)(3). Houston Home Dialysis argues that in *Tolson*, it was clear that the plaintiff could bring a benefits claim. Here, by contrast, Blue Cross Texas argues that Houston Home Dialysis has no clear right

9

to bring a benefits claim.

In *Tolson*, the Fifth Circuit, adopting the district court's approach, explained that:

> [b]ecause Tolson has adequate redress for disavowed claims through his right to bring suit pursuant to section 1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3). Section 1132(a)(2) allows a beneficiary to bring a standard breach of fiduciary duty suit for the benefit of the subject plan. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S. Ct. 3085, 87 L. Ed. 2d 96 (1985). In Varity Corp. v. Howe, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996), the Supreme Court interpreted section 1132(a)(3) to allow plaintiffs to sue for breach of fiduciary duty for personal recovery when no other appropriate equitable relief is available. Because Tolson has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate.
>
> Unlike the plaintiffs in Varity, Tolson was the beneficiary of two viable plans whom [sic] he had standing to sue and did sue. Further, both Plans are viable and before the Court. Because this relief was available and, indeed, utilized, it would be inappropriate for the Court to fashion any further equitable relief under Section 1132(a)(3). The simple fact that Tolson did not prevail on his claim under section 1132(a)(1) does not make his alternative claim under section 1132(a)(3) viable.

141 F.3d at 610. The Fifth Circuit found that the plaintiff's right to sue under § 1132(a)(1) precluded a claim under § 1132(a)(3). *See also Hollingshead v. Aetna Health, Inc.*, 589 Fed. App'x 732, 737 (5th Cir. 2014); *Khan v. Am. Int'l Group, Inc.*, 654 F. Supp. 2d 617, 626 (S.D. Tex. 2009) (the plaintiff's breach of fiduciary duty claim failed because he was also pursuing a claim for plan benefits). The same is true here. Houston Home Dialysis is pursuing a claim under § 1132(a)(1)(B) and cannot also assert a claim under § 1132(a)(3). Count 2 is dismissed, with prejudice because amendment is futile as a matter of law.

### 2. Count 3 and Count 5

Count 3 alleges a failure to provide a full and fair review under ERISA § 503; Count 5

alleges a violation of claim procedures under ERISA. Blue Cross Texas argues that Counts 3 and 5 are duplicative, and that neither can proceed against Blue Cross Texas because it did not issue a "plan" under ERISA.

Section 503 of ERISA requires that:

> [E]very employee benefit plan shall—
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133(2). Houston Home Dialysis alleges that Blue Cross failed to provide specific reasons for its claim denials and failed to fully and fairly review the claims.

Houston Home Dialysis alleges that Blue Cross failed to comply with the requirements that it:

> (i) Provide claimants at least 60 days following receipt of a notification of an adverse benefit determination within which to appeal the determination;
>
> (ii) Provide claimants the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits;
>
> (iii) Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section;

29 C.F.R. 2560.503-1(h)(2). Houston Home Dialysis alleges in Count 5 that Blue Cross violated the claims procedures under 29 C.F.R. 2560.503-1 and seeks equitable relief under § 1132(a)(3).

11

Counts 3 and 5 are duplicative. ERISA § 503 does not create a private right of action for monetary damages. *See Tex. Gen. Hosp., LP v. United HealthCare Servs.*, No. 3:15-CV-02096-M, 2016 U.S. Dist. LEXIS 84082, at *26 (N.D. Tex. June 28, 2016) (citing *Mass. Mut. Life. Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985)). Instead, § 503 allows for equitable relief. *Id.* In Count 3, Houston Home Dialysis alleges that it "has been damaged," indicating that the relief it seeks is compensatory, as opposed to the equitable relief it seeks in Count 5. Because § 503 allows only equitable relief, Count 3 is dismissed, with prejudice, because amendment would be futile.

Blue Cross Texas argues that ERISA requires only "employee benefit plans" to provide certain notices and opportunities for review. *See* 29 U.S.C. § 1133. ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization . . . ." 29 U.S.C. § 1002(1). Blue Cross Texas argues that Houston Home Dialysis does not and could not allege that Blue Cross Texas is a "plan," and that the § 503 claims cannot stand. *See Grand Parkway*, 2015 U.S. Dist. LEXIS 77373, at *10–11 (dismissing the plaintiff's § 503 claim because nothing in the complaint alleged the defendant was the "plan").

Blue Cross Texas also cites two cases from other circuits, *Jordan v. Tyson Foods, Inc.*, 312 Fed. App'x 726, 235 (6th Cir. 2008) ("This court has previously held that "a plan administrator cannot violate § 1133 and thus potentially incur liability under § 1132(c)," because § 1133 imposes requirements for the benefits plan rather than obligations on the plan administrator." (citations omitted)), and *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397 (7th Cir. 1996) ("[S]ection 1133, on its face, establishes requirements for plans, not plan administrators."). *See also Elite Ctr. for Minimally Invasive Surgery v. Health Care Serv. Corp.*, 221 F. Supp. 3d 853, 859 (S.D. Tex. 2016) (relying on *Wilczynski* for the proposition that § 1133 creates requirements only for plans, not

for plan administrators); *but see Tex. Gen. Hosp.*, 2016 U.S. Dist. LEXIS 84082, at *26–29 (§ 503 claims may be asserted only against a plan, but the complaint sufficiently alleged that the defendants were plan administrators, fiduciaries, or obligors and were in the business of providing health care plans).

Houston Home Dialysis responds that the Fifth Circuit has not addressed this issue. It also argues that § 1133 imposes obligations on plan fiduciaries and that Blue Cross acted as a fiduciary, but cites no case law in support of this argument. Count 3 alleges that Blue Cross "functions as the 'plan administrator.'" (Docket Entry No. 13 at 12). Houston Home Dialysis elsewhere alleges that Blue Cross was the plan fiduciary. (*Id.* at 10). The Count 5 allegations are insufficient to state a claim against the plan under § 503, but amendment may cure the deficiency. Count 5 is dismissed, without prejudice and with leave to amend.

  **D.**  **Sufficiency of the Notice**

Blue Cross Texas moves to dismiss on the ground that Houston Home Dialysis fails to allege sufficient details to give Blue Cross Texas fair notice of the basis for these claims. Blue Cross Texas argues specifically that the complaint does not identify the benefits claims or plans, or the patients who received the services. Blue Cross Texas also argues that Houston Home Dialysis does not identify the actions each defendant took that gave rise to these claims, but instead refers only to "Blue Cross" when alleging actions taken by two distinct entities—Horizon Blue Cross Blue Shield of New Jersey and Blue Cross and Blue Shield of Texas. Blue Cross Texas argues that "HHD fails to include even basic factual allegations that identify the benefits claims, plans or even the plan participants of beneficiaries . . . ." (Docket Entry No. 21 at 8).

Houston Home Dialysis argues that it sufficiently explained the plan provisions that govern the reimbursements at issue and how Blue Cross failed to pay the benefits due under those

13

provisions. Houston Home Dialysis argues that it filed the names of four patients under seal with its original complaint, and that it added two patients in its amended complaint but did not identify them by name. (Docket Entry No. 1-1). Houston Home Dialysis also argues that it provided Blue Cross Texas with documents identifying the patients, services, plans and benefits claims at issue. Houston Home Dialysis submits an email exchange showing that Blue Cross Texas sent it the benefit booklets for three of the four plans at issue, arguing that it can easily identify the relevant plans. (Docket Entry No. 28-1).

Blue Cross Texas cites *Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 600 (N.D. Tex. 2014), for the proposition that "to assert a claim for benefits under ERISA, a plaintiff must 'identify a specific plan term that confers the benefits in question.'" (citation omitted). In that case, however, the plaintiffs alleged only that the defendants "failed to make payments of benefits . . . as required under the terms of the [ERISA-governed] plans." *Id.* at 601 (alterations in original). Similarly, in *Mid-Town Surgical*, the plaintiffs referred only to "benefits that are due under the terms of the plans." 16 F. Supp. 3d at 778. Here, by contrast, Houston Home Dialysis specified the plan terms it alleges Blue Cross Texas breached. Houston Home Dialysis explained the plan terms defining the formulas for an out-of-network provider and the allowable amount, and explaining which formula should have been used to determine Houston Home Dialysis's payment, the amounts it should have been paid, and the amounts it was paid. (Docket Entry No. 13 at 6–7).

"A complaint must contain enough facts about a plan's provisions to make a Section 502(a) claim plausible and give the defendant notice as to which provisions it allegedly breached." *Innova*, 995 F. Supp. 2d at 601. Houston Home Dialysis has met that standard. The motion to dismiss on this ground is denied.

### E. The State-Law Claims

Houston Home Dialysis asserts state-law claims for breach of contract, promissory estoppel, quantum meruit, negligent misrepresentation, and claims under the Texas Insurance Code. Blue Cross Texas argues federal preemption.

#### 1. Preemption

Section 1132(a) allows an ERISA plan's participants and beneficiaries to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has read § 1132 to preempt "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement scheme." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). "[T]o the extent that the claims at issue are governed by ERISA, ERISA preempts [the plaintiff's] state-law claims." *Electrostim Med. Servs. v. Health Care Serv. Corp.*, 614 Fed. App'x 731, 737 (5th Cir. 2015).

Blue Cross Texas argues that all of Houston Home Dialysis's state-law claims relate to ERISA plans. The parties agree that to the extent the state-law claims relate to an ERISA plan, they are preempted. (Docket Entry No. 28 at 19; Docket Entry No. 32 at 12). Houston Home Dialysis maintains that the state-law claims also relate to non-ERISA plans. But Houston Home Dialysis has alleged that ERISA governs all the plans at issue and asserts state-law claims as to all the plans. (Docket Entry No. 13 at ¶¶ 41, 77). Only in its response to Blue Cross Texas's motion to dismiss does Houston Home Dialysis argue that some of the plans are non-ERISA plans. Because Houston Home Dialysis has alleged that each of the six plans at issue is subject to ERISA, all of the state-law claims preempted.

Houston Home Dialysis's breach-of-contract claim alleges an implied contract that required

15

Blue Cross "to properly pay" for Houston Home Dialysis's services, and that Blue Cross failed to reimburse the full amount owed under six patients' plans. The alleged implied contracts relate to the ERISA plans and do not create an independent legal duty. These claims are preempted by ERISA and dismissed. *See Spring E.R., LLC v. Aetna Life Ins. Co.*, No. H-09-2001, 2010 U.S. Dist. LEXIS 13565, at *17 (S.D. Tex. Feb. 17, 2010) (dismissing breach-of-implied-contract claims because they related to the ERISA plan terms and benefits). Houston Home Dialysis's claims for promissory estoppel, quantum meruit, and negligent misrepresentation also require the court to consider the ERISA plan terms. Houston Home Dialysis alleges that before it provided any services, it called both Blue Cross insurers to verify that the patients and services were covered under the health insurance policies. Houston Home Dialysis alleges that by confirming that those services were covered without disclosing any limits, Blue Cross made promises and representations that Houston Home Dialysis relied on. These alleged promises or representations, however, depend on the terms of the insurance plans at issue. ERISA preempts the claims.

Fifth Circuit law provides that "the claim is based on the defendants' misrepresentations about the extent to which—not whether—the plan would reimburse the health-care provider, the claim is not preempted." *Houston Metro & Spine Surgery Ctr., LLC v. Health Care Serv. Corp.*, No. H-16-1402, 2017 U.S. Dist. LEXIS 51072, at *6 (S.D. Tex. Apr. 4, 2017) (citing *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 383 (5th Cir. 2011)). Houston Home Dialysis alleges only that Blue Cross Texas confirmed coverage and eligibility. These alleged promises or representations were about whether the plan would reimburse for the services, not the extent or amount of the reimbursement. These claims are preempted.

To the extent that ERISA preempts these claims, the court need not reach Blue Cross Texas's Rule 12(b)(6) argument. To the extent that the claims relate to non-ERISA plans, these claims are

dismissed without prejudice, and with leave to amend.

### 2. The Texas Insurance Code Claims

Houston Home Dialysis asserts claims under § 1301 and § 542 of the Texas Insurance Code for failure to promptly pay claims; under § 1301.056 for paying at a discounted rate without Houston Home Dialysis's consent; and under § 542.003 for unfair settlement practices. Blue Cross Texas argues that ERISA preempts these claims. Houston Home Dialysis does not respond to this argument.

ERISA's broad preemption provisions allow states to regulate insurance, but do not permit the use of insurance regulations as an alternative way to sue for benefits. *See, e.g.*, *Corporate Health Ins. v. Texas Dep't of Ins.*, 215 F.3d 526, 537 (5th Cir. 2000); *Baptist Hosp. of Southeast Tex. v. United Healthcare of Tex.*, 216 F. Supp. 2d 625, 627 (E.D. Tex. 2002) (the Texas Insurance Code preempted claims used as an alternative way to recover benefits). Count 11 and Count 13, both under § 542 of the Texas Insurance Code, "address a right to receive benefits under the terms of the Plan and . . . are therefore preempted by ERISA." *Keith v. Hartford Life & Accident Ins. Co.*, No. 3:07-CV-40-L, 2007 U.S. Dist. LEXIS 84976, at *14 (N.D. Tex. Nov. 16, 2007) (citing *Hirth v. Metropolitan Life Ins. Co.*, 189 Fed. App'x 292 (5th Cir. 2006); *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262 (5th Cir. 2004)). Count 10 and Count 12, both under § 1301 "Prompt Pay Provisions" of the Texas Insurance Code, are also preempted by ERISA. *See Houston Methodist Hosp. v. Humana Ins. Co.*, 266 F. Supp. 3d 939, 960 (S.D. Tex. 2017) (ERISA preempts claims under § 1301 that arise from ERISA plans); *St. Michael's Emergency Ctr., LLC v. Aetna Health Mgmt., LLC*, No. H-08-2336, 2011 U.S. Dist. LEXIS 155623, at *65 (S.D. Tex. Aug. 22, 2011) (ERISA preempts prompt-pay claims under the Texas Insurance Code that arise from an allegedly improper benefits denial under an ERISA plan).

Both Count 10 and Count 12 allege claims based on Blue Cross's denial of payments to Houston Home Dialysis: one for penalties owed for the alleged failure to timely pay; and one for reimbursement at a discounted rate less than the amount owed under the plan. Both claims arise from the alleged denial of benefits under the ERISA plans. ERISA preempts both claims.

Because ERISA preempts the Texas Insurance Code claims, the court need not reach Blue Cross Texas's argument that Houston Home Dialysis lacks standing or failed to state a claim. To the extent any of these claims are based on non-ERISA plans, they are dismissed without prejudice and with leave to amend.

### F. Declaratory Relief and Jury Demand

Blue Cross Texas did not move to dismiss the claim for declaratory judgment, but argued only that "[b]ecause HHD has asserted no viable causes of action, its request for declaratory relief also fails." (Docket Entry No. 32 at 12). Houston Home Dialysis has pleaded viable causes of action. Because Blue Cross Texas does not challenge the claim for declaratory judgment on another ground, the claim remains.

Blue Cross Texas moves to strike Houston Home Dialysis's jury demand because it is not entitled to a jury trial on ERISA claim and its non-ERISA claims fail. "Houston Home Dialysis agrees that it is not entitled to a jury on its ERISA claims . . . ." (Docket Entry No. 28 at 30). Because the only remaining claims are ERISA claims, the court strikes Houston Home Dialysis's jury demand.

## IV. Conclusion

Counts 2 and 4 are dismissed, with prejudice. Count 5 is dismissed without prejudice and with leave to amend. Counts 6 to 13 are dismissed without prejudice and with leave to amend, no

18

later than **July 6, 2018**, to the extent that Houston Home Dialysis can establish that those claims are based on non-ERISA plans. The declaratory judgment remains. The jury demand is stricken, unless Houston Home Dialysis can successfully amend to plead non-ERISA claims.

SIGNED on June 4, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge