UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOUSTON HOME DIALYSIS, LP, § § Plaintiff, § § v. § § BLUE CROSS and BLUE SHIELD OF § TEXAS, A DIVISION of HEALTH § CARE SERVICE CORPORATION, A § MUTUAL RESERVE COMPANY, § and HORIZON BLUE CROSS BLUE § SHIELD OF NEW JERSEY § § Defendants. § | CIVIL ACTION NO. 4:17-cv-02095 |

**PLAINTIFF'S SECOND AMENDED COMPLAINT AND
REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff Houston Home Dialysis, LP ("Houston Home Dialysis") files this Second Amended Complaint and Request for Declaratory Judgment against Defendants Health Care Service Corporation, a Mutual Legal Reserve Company that operates in Texas as Blue Cross and Blue Shield of Texas ("Texas Blue Cross"), and Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon Blue Cross"). Defendants Texas Blue Cross and Horizon Blue Cross are collectively referred to as Blue Cross.

**I.
INTRODUCTION**

1. This is an action by a medical services provider against insurance companies for failure to properly reimburse it for services rendered to six individual insureds/patients.

2. Houston Home Dialysis provided medical treatment—specifically staff-assisted home dialysis—to the six patients whose benefit claims are at issue in this lawsuit. Houston Home Dialysis then properly and timely submitted claims for reimbursement to Blue Cross for the

services it provided. Blue Cross failed to properly reimburse Houston Home Dialysis pursuant to the terms of the Blue Cross benefit plans or insurance contracts (the "Plans") covering the six patients to whom Houston Home Dialysis provided services. Blue Cross' failure to properly reimburse Houston Home Dialysis has spanned a period of over two years.

3. Houston Home Dialysis brings this lawsuit seeking compensation for the services it has rendered and for which it is owed under the Blue Cross Plans.

## II.
## PARTIES

4. Plaintiff Houston Home Dialysis is a Texas limited partnership with its principal place of business in Harris County, Texas, and with operations in the surrounding counties. One of its members is a Texas corporation with its principal place of business in Texas, which makes Houston Home Dialysis a citizen of Texas for diversity purposes. The second member of Houston Home Dialysis is a Japanese citizen who is a United States permanent resident domiciled in Texas, which makes Houston Home Dialysis also a citizen of Japan for diversity purposes.

5. Defendant Texas Blue Cross is an Illinois corporation with its principal place of business of in Illinois. Therefore, Texas Blue Cross is solely a citizen of Illinois for diversity purposes. It has previously been served and has appeared in this lawsuit.

6. Defendant Horizon Blue Cross is a New Jersey corporation with its principal place of business in New Jersey. Therefore, Horizon Blue Cross is a citizen solely of New Jersey for diversity purposes. It has previously been served and has appeared in this lawsuit

## III.
## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendants Texas Blue Cross and Horizon Blue Cross because those Defendants conduct substantial business in Texas, and because a

substantial part of the events or omissions giving rise to the claims occurred in Texas.

8. This Court has subject matter jurisdiction over Defendants Texas Blue Cross and Horizon Blue Cross pursuant to 29 U.S.C. §§ 1001 *et seq.*, Employment Retirement Income Security Act ("ERISA"), as Houston Home Dialysis' claims arise, in part, under ERISA. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it arises under the Constitution, law or treaties of the United States.

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is an action between citizens of different states, as well as citizens of a state and subjects of a foreign state, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. There is complete diversity because the case involves a citizen of Texas and Japan on one side of the litigation and citizens of Illinois and New Jersey on the other side.

10. This Court has supplemental jurisdiction under 28 U.S.C. §1367 because Houston Home Dialysis' state-law claim is so related to its claim within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2), which states that "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."

12. Venue is also properly established in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## IV.
## FACTS

13. Kidney failure, also known as End-Stage Renal Disease or ESRD, is a medical condition of impaired kidney function in which the kidneys fail to adequately filter metabolic wastes from the blood. Dialysis is the medically required process required with end-stage kidney failure. Generally, end-stage kidney failure begins to occur when people lose about 85% of their kidney function.

14. People who have chronic kidney disease will require dialysis or a kidney transplant at some point or the consequence is kidney failure and death. People who stop dialysis may live anywhere from one week to several weeks, depending on the amount of kidney function they have left and their overall medical condition.

15. There are several types of dialysis. This lawsuit deals with the process of hemodialysis.

16. With hemodialysis, blood is put through a filter *outside* of the body, cleaned, and then returned. This is done using a special filter called a dialyzer or artificial kidney. The dialysis machine pumps blood through a sophisticated dialysis system that controls, for example, the treatment time, temperature, fluid removal and pressure. Hemodialysis requires a doctor's order and a renal nurse or technician to perform the tasks required during a dialysis treatment. Depending upon the patient's medical condition and other factors, the dialysis process is done either at a dialysis facility, clinic, hospital, or at home.

17. Staff-assisted home dialysis is not the same as staff-assisted dialysis in a dialysis facility, clinic, or hospital. Staff-assisted home dialysis is not the same as home dialysis where patients, themselves, do their own dialysis at home. Staff-assisted home dialysis is the provision of dialysis treatments to a patient by a registered renal nurse or licensed vocational renal nurse in

the patient's home, pursuant to an order by a nephrologist and under the direction of a nephrologist.

18. Houston Home Dialysis is a Texas entity organized solely for the purposes of providing staff-assisted home dialysis treatments performed by a registered renal nurse or licensed vocational renal nurse in a patient's home, pursuant to an order by a nephrologist and under the direction of a nephrologist. Houston Home Dialysis serves Harris County (Houston, Texas) and surrounding counties.

19. Healthcare providers, like Houston Home Dialysis, are classified as either "in-network" or "out-of-network" medical providers. In-network medical providers have contractually agreed with health insurance companies to accept pre-determined and heavily discounted rates for healthcare services provided to insured members and beneficiaries.

20. Out-of-network providers, on the other hand, have not contractually agreed to accept pre-determined and heavily discounted rates for healthcare services.

21. Relevant to the healthcare claims forming the basis of this lawsuit, Houston Home Dialysis operates as an out-of-network medical services provider who furnished health care services to only those members and beneficiaries covered under out-of-network healthcare plans insured or administered by Blue Cross.

22. The healthcare plans that are the basis of this lawsuit permitted its members and beneficiaries to obtain healthcare services from out-of-network providers, in this case, Houston Home Dialysis. The members and beneficiaries paid additional premiums in exchange for this right. The members and beneficiaries paid additional premiums and voluntarily agreed to accept higher deductibles so it was not necessary to participate in an in-network only provider scheme.

23. Although Houston Home Dialysis has numerous patients and deals with insurance carriers other than just Blue Cross, this case deals in particular with the non-payment by Blue

Cross of charges for staff-assisted home dialysis treatments for six Houston Home Dialysis patients. Five of the patients are insured by Texas Blue Cross, while one patient is insured by Horizon Blue Cross.

24. The Houston Home Dialysis patients whose benefit claims are at issue in this lawsuit are also referred to herein as Patients No. 1, 2, 3, 4, 5, and 6.[1] Patients No. 1, 2, 4, 5, and 6 are insured by Texas Blue Cross. Patient No. 3 is insured by Horizon Blue Cross.

25. Texas Blue Cross Patients No. 1, 2, and 6 are covered by ERISA plans.[2] Texas Blue Cross Patients No. 4 and 5 are covered by non-ERISA plans related to employment with a Texas governmental entity.[3] Horizon Blue Cross Patient No. 3 is covered by an ERISA plan.[4]

26. Houston Home Dialysis has provided staff-assisted home dialysis treatments for these six patients for a period of over two years. Prior to the start of the treatment for these six patients, Houston Home Dialysis queried Blue Cross for authorization for the dialysis treatments it provided. Blue Cross then instructed Houston Home Dialysis to begin treatments as an "out-of-network" provider since each patient's Blue Cross policy benefits covered the medically necessary dialysis services from out-of-network providers.

27. Blue Cross has failed to properly reimburse Houston Home Dialysis for these medically necessary hemodialysis treatments pursuant to the terms of the Blue Cross Plans of the six patients whose benefit claims are at issue in this lawsuit.[5]

---

[1] Exhibit A to this Second Amended Complaint—which is marked CONFIDENTIAL and is being filed under seal contemporaneously with the filing of this pleading—sets forth the names of Patients No. 1, 2, 3, 4, 5, and 6; the insurance identification numbers for those patients; the insurance group numbers for those patients; and the names of the benefit plans for those patients.

[2] Exhibit A.

[3] *Id.*

[4] *Id.*

[5] Exhibit B to this Second Amended Complaint—which is marked CONFIDENTIAL and is being filed under seal contemporaneously with the filing of this pleading—sets forth the benefit claims at issue in this lawsuit for Patients

6

28. For at the patients insured by Texas Blue Cross, the Plans provide that the allowable amount for out-of-network providers will be based on the Medicare reimbursement rate, adjusted by a predetermined factor that Blue Cross established. The adjustment factor cannot be less than 75%. The allowable amount also includes a provision limiting it to, at maximum, the amount of the provider's billed charges. The Plans provide that if no Medicare reimbursement rate is available, or if it is unable to be determined, the allowable amount will be an average contract rate in aggregate for in-network providers of staff-assisted dialysis in the patient's home, adjusted by a predetermined factor that Blue Cross established. The adjustment factor cannot be less than 75%.

29. For the patient insured by Horizon Blue Cross, the Plan provides that the allowance for out-of-network providers will be the amount determined as 250% of the amount that would be reimbursed for the service or supply under Medicare. The allowance also includes a provision limiting it to, at maximum, the actual charge made by the provider for the service or supply. The Plan provides that if Medicare does not prescribe a reimbursement rate for the covered service or supply, the allowance will be determined based on profiles compiled by Horizon Blue Cross based on usual and prevailing payments made to providers for similar services or supplies in specific geographical areas, or similar profiles compiled by outside vendors.

30. Medicare does not pay for staff-assisted home dialysis. Medicare pays for inpatient dialysis in hospitals and outpatient dialysis in dialysis facilities, which are different than the provision of staff-assisted home dialysis. Medicare also pays for the equipment and supplies for patients to do self-dialysis at home, which are different than the services that Houston Home

---

No. 1, 2, 3, 4, 5, and 6; the names of those patients; the dates of birth of those patients; the insurance identification numbers for those patients; and the insurance group numbers for those patients. The lists constituting Exhibit B were part of Houston Home Dialysis' Initial Disclosure documents which Houston Home Dialysis previously produced to Texas Blue Cross and Horizon Blue Cross on January 30, 2018. *See* HHH000001-94.

Dialysis provides. So Medicare will pay for staff-assisted dialysis in a hospital or a clinic and will pay for patients to do their own dialysis at home. But Medicare will not pay for staff-assisted dialysis in the patient's home, the care that Houston Home Dialysis provided.

31. Because Medicare does not pay for staff-assisted home dialysis, there is no Medicare reimbursement rate for the service. Therefore, the amount that was owed under the Texas Blue Cross Plans could not be calculated based on the Medicare reimbursement rate; instead, the average contract rate in aggregate for in-network providers would be used. That amount would be adjusted by a predetermined factor of at least 75%.

32. Based on information and belief, Texas Blue Cross has no in-network providers of staff-assisted home dialysis services, so it is not possible to calculate the average contract rate in aggregate for in-network providers of staff-assisted home dialysis, as the Texas Blue Cross Plans require. Therefore, the reimbursement rate becomes a reasonable price. This is the rule under federal common law for the ERISA claims and under Texas common law for the Texas breach-of-contract claim. *See United States v. Swift & Co.*, 270 U.S. 124, 141 (1926) ("Under ordinary conditions, a valid agreement can be made for purchase and sale without the fixing of a specific price. In such a case a reasonable price is presumed to have been intended."); *Bendalin v. Delgado*, 406 S.W.2d 897, 900 (Tex. 1966) ("Where the parties have done everything else necessary to make a binding agreement for the sale of goods or services, their failure to specify the price does not leave the contract so incomplete that it cannot be enforced. In such a case it will be presumed that a reasonable price was intended."); RESTATEMENT (SECOND) OF CONTRACTS § 33 cmt. e.

33. Texas Blue Cross has claimed but not substantiated that it pays $600 for in-network staff-assisted home dialysis and that it would pay Houston Home Dialysis $357 per treatment. Even if it is assumed that Texas Blue Cross is correct, which Houston Home Dialysis denies, that

8

the average contract rate in aggregate for in-network providers of staff-assisted home dialysis is $600, that amount could be adjusted no more than 75% under the Plan. 75% of $600 is $450, which is $93 more than the $357 per treatment that Texas Blue Cross claimed was the proper amount. So based on Texas Blue Cross' own representations, it calculated payment to Houston Home Dialysis incorrectly. To be clear, Houston Home Dialysis is not agreeing, much less stipulating, that the average contract rate in aggregate for in-network providers of staff-assisted home dialysis is $600. But even if Texas Blue Cross were correct regarding that, it still failed to properly pay Houston Home Dialysis as required under the Plans.

34. Because there is no Medicare reimbursement rate for staff-assisted home dialysis, the amount that was owed under the Horizon Blue Cross Plan could not be calculated based on the Medicare reimbursement rate. Instead, the amount owed under the Horizon Blue Cross Plan is determined based on profiles compiled by Horizon Blue Cross based on usual and prevailing payments made to providers for similar services in specific geographical areas, or similar profiles compiled by outside vendors.[6]

35. Covered members and beneficiaries who sought and obtained medical care from Houston Home Dialysis signed an assignment of benefits and a designation of authorized representative agreement to Houston Home Dialysis.

36. In situations where Blue Cross did not directly insure the healthcare plans, it functioned as the healthcare plan's third-party "plan administrator," as that term is defined under ERISA. Accordingly, Blue Cross assumed all obligations imposed by ERISA on plan administrators.

---

[6] Horizon Blue Cross has not yet produced any of its Initial Disclosure documents or produced documents responsive to Houston Home Dialysis' discovery requests seeking documents relating to the profiles compiled by Horizon Blue Cross based on usual and prevailing payments made to providers of staff-assisted home dialysis in Harris County, Galveston County, Fort Bend County, and Waller County, or similar profiles compiled by outside vendors.

37. Before scheduling or performing any medical services, Houston Home Dialysis called Blue Cross at the telephone number indicated on each covered member's or beneficiary's healthcare card to verify the member or beneficiary's coverage and eligibility, including out-of-network benefit coverage and coverage for the specific healthcare services performed by Houston Home Dialysis. Blue Cross never told Houston Home Dialysis that staff-assisted home dialysis was not covered or that they would not pay for it.

38. Upon receipt of Blue Cross' authorizations, and in reasonable reliance on those authorizations, Houston Home Dialysis performed medical services for the six covered members and beneficiaries whose benefit claims are at issue in this lawsuit.

39. After medical services were performed, Houston Home Dialysis properly and timely submitted claims, together with all necessary supporting documents and information through Blue Cross' designated claims handling channels.

40. Blue Cross, upon receiving these claims, either denied them, underpaid them, or otherwise failed to pay them in accordance with the terms and conditions of the covered member's and/or beneficiary's Plans. Additionally, Blue Cross failed to pay these claims promptly.

41. As a result of Blue Cross' wrongful conduct, Houston Home Dialysis has suffered economic losses on Texas Blue Cross Patients No. 1, 2, 4, 5, and 6, and economic losses on Horizon Blue Cross Patient No. 3.[7]

42. All conditions precedent to bringing this action have occurred, or have been waived.

---

[7] On March 23, 2018, Houston Home Dialysis produced to Blue Cross the report of its economic damages expert dated March 22, 2018. As of March 22, 2018, Texas Blue Cross and Horizon Blue Cross had not produced any of its Initial Disclosure documents. Houston Home Dialysis' economic damages expert, therefore, expressly reserved the right to amend or update his report based on additional information received after the date of the report. It was not until May 7, 2018, and then again on June 29, 2018, that Texas Blue Cross produced its Initial Disclosure documents. Horizon Blue Cross has still not produced its Initial Disclosure documents. Houston Home Dialysis' economic damages expert will be supplementing his report.

## V.
## REQUEST FOR DECLARATORY JUDGMENT

43. Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as set forth verbatim herein.

44. Houston Home Dialysis seeks a declaratory judgment under the Federal Declaratory Judgment Act and the Texas Declaratory Judgment Act. 28 U.S.C. § 2201 *et seq.*; TEX. CIV. PRAC. & REM. CODE §37.001 *et seq.*

45. Houston Home Dialysis seeks a declaration from this Court of Blue Cross' reimbursement obligations to Houston Home Dialysis on an on-going forward basis for Houston Home Dialysis' provision of staff-assisted home dialysis to patients covered by Blue Cross Plans.

## VI.
## ERISA-BASED CAUSE OF ACTION

46. Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

**Count 1:** **Claim to Enforce and Obtain Benefits Under ERISA**
**(Applies to Patients No. 1, 2, 3, and 6)**

47. As the assignee of Patients No. 1, 2, 3, and 6, Houston Home Dialysis is entitled to enforce the terms of the healthcare plans pursuant to 29 U.S.C. § 1132(a)(1)(B). Under § 502(a) of ERISA, 29 U.S.C. § 1132(a)(1)(B), Houston Home Dialysis, as assignee, is entitled to recover benefits under the terms of the healthcare plans for covered members and/or beneficiaries from whom Houston Home Dialysis received an assignment of benefits.

48. Houston Home Dialysis is entitled to recover benefits for providing medical services to Patients No. 1, 2, 3, and 6 in two different capacities: (1) as assignees of the members' benefits and (2) alternatively, as authorized representatives of the members or beneficiaries themselves.

49. Blue Cross acted as a fiduciary to its beneficiaries, including Houston Home Dialysis as assignee, because Blue Cross exercised discretion in determining whether the plan benefits would be paid in the amounts set forth in the plans. As a fiduciary under ERISA, Blue Cross is subject to a civil action under § 502(a) of ERISA.

50. In further violation of ERISA, Blue Cross failed to provide Houston Home Dialysis, as assignee, with all rights under the terms of the underlying healthcare plan. Blue Cross failed to make clear to Houston Home Dialysis, as assignee, its rights to future benefits under the terms of the underlying healthcare plans, as required by ERISA.

51. Blue Cross also breached the terms of the healthcare plans by making claim determinations that had the effect of reimbursing less than the amount indicated by the covered members' healthcare plan for out-of-network medical services, without valid evidence or information to substantiate such determinations, and/or did so in an arbitrary fashion.

52. As a proximate result of Blue Cross' wrongful acts, Houston Home Dialysis has been damaged and is entitled to its actual damages, plus reasonable attorneys' fees and costs for having to prepare and prosecute this cause of action.

## VII.
## STATE LAW CAUSE OF ACTION

**Count 2:** **Texas Blue Cross' Breach of Contract**
**(Applies to Patients No. 4 and 5)**

53. Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as set forth verbatim herein.

54. Patients No. 4 and 5 had contracts with Texas Blue Cross under which Texas Blue Cross agreed to pay healthcare claims related to their medical treatment during the time period for the claims at issue in this lawsuit. In addition, Patients No. 4 and 5 were third-party beneficiaries of their employers' contracts with Texas Blue Cross to pay healthcare claims related to their medical

treatment during the time period for the claims at issue in this lawsuit.[8]

55. Patients No. 4 and 5 assigned their contractual rights to payment to Houston Home Dialysis for the claims at issue in this lawsuit.

56. Houston Home Dialysis provided staff-assisted home dialysis treatment to Patients No. 4 and 5. Houston Home Dialysis sent invoices to Texas Blue Cross seeking payment under Patients No. 4 and 5's insurance plans.

57. Texas Blue Cross failed to properly pay Houston Home Dialysis pursuant to Patients No. 4 and 5's insurance plans for the services identified on Exhibit B.

58. Houston Home Dialysis is suing for payment of the remaining amounts Texas Blue Cross owes regarding its treatment of Patients No. 4 and 5. *See* Exhibits A and B.

59. As a result of the breach of contract by Blue Cross, Houston Home Dialysis has been damaged and is entitled to its actual damages, plus reasonable attorneys' fees and costs for having to prepare and prosecute this cause of action for breach of contract.

## VIII.
## ATTORNEYS' FEES

60. Houston Home Dialysis incorporates the allegations contained in the preceding paragraphs as if set forth verbatim herein.

61. Houston Home Dialysis has repeatedly presented claims to Blue Cross demanding proper payment for the above-described healthcare services. More than 30 days have passed since those demands were made, but Blue Cross has failed and refused to properly pay Houston Home Dialysis. As a result of Blue Cross' failure to properly pay these claims, Houston Home Dialysis has been required to retain legal counsel to institute and prosecute this action. Houston Home Dialysis is, therefore, entitled to recover reasonable attorneys' fees for necessary services rendered

---

[8] *See, e.g.*, Paragraphs 25-28; 30; 31-33; 35; and 37-41 of Plaintiff's Second Amended Complaint.

in prosecuting this action, as well as any subsequent appeals.

62. Houston Home Dialysis is entitled to an award of attorneys' fees on its ERISA claim. *See* 29 U.S.C. § 1132(g)(l). *See also Hardt v. Reliance Standard Life Ins. Co.,* 130 S. Ct. 2149, 2152 (2010); *Baptist Mem'l Hosp.-Desoto, Inc. v. Crain Auto. Inc.,* 392 Fed. Appx. 289, 299 (5th Cir. 2010).

63. Houston Home Dialysis is also entitled to an award of attorneys' fees regarding its breach of contract claim. TEX. CIV. PRAC. & REM. CODE § 38.001. Houston Home Dialysis has presented claims to Blue Cross demanding proper payment for the value of the above-described services. Blue Cross has failed and refused to properly pay Houston Home Dialysis more than 30 days after the demands were made. As a result of Blue Cross' failure to properly pay these claims, Houston Home Dialysis was required to retain legal counsel to institute and prosecute this action.

## IX.
## JURY DEMAND

64. Pursuant to Federal Rule of Civil Procedure 38, Houston Home Dialysis demands a jury on all issues so triable.

## X.
## CONCLUSION

65. Houston Home Dialysis demands judgment in its favor. This Court should award Houston Home Dialysis relief as follows:

    a. A declaration from this Court of Blue Cross' reimbursement obligations to Houston Home Dialysis on a going-forward basis for Houston Home Dialysis' provision of staff-assisted home dialysis to patients covered by Blue Cross Plans.

    b. Actual damages.

    c. Reasonable attorneys' fees, costs, and expenses.

    e. Pre-judgment and post-judgment interest.

f. All other relief, legal or equitable, to which Houston Home Dialysis is entitled.

Respectfully submitted,

**BAKER • WOTRING LLP**

*/s/ Earnest W. Wotring*
Earnest W. Wotring
Attorney-in-Charge
Texas Bar No. 22012400
Southern District No. 15284
David George
Texas Bar No. 00793212
Southern District No. 19330
Karen Dow
Texas Bar No. 06066800
Southern District No. 18776
700 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Tel. (713) 980-1700
Fax (713) 980-1701
ewotring@bakerwotring.com
dgeorge@bakerwotring.com
kdow@bakerwotring.com

**ATTORNEYS FOR PLAINTIFF
HOUSTON HOME DIALYSIS, LP**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 13, 2018, a copy of the above Second Amended Complaint and Request for Declaratory Judgment was served on all counsel of record via the Court's electronic filing system.

    Martin J. Bishop
    Thomas Hardy
    Reed Smith LLP
    10 S. Wacker Drive
    40th Floor
    Chicago, IL 60606
    mbishop@reedsmith.com
    thardy@reedsmith.com

    *Attorneys for Texas Blue Cross*

    John B. Shely
    Brian C. Pidcock
    Hunton Andrews Kurth LLP
    600 Travis Street, Suite 4200
    Houston, Texas 77002
    jshely@andrewskurth.com
    brianpidcock@andrewskurth.com

    *Attorneys for Horizon Blue Cross*

                                               */s/ Earnest W. Wotring*
                                               Earnest W. Wotring